Doreen JONES, on behalf of herself and other similarly situated, Plaintiff,

v.

SCO FAMILY OF SERVICES; Douglas O'Dell; Diane Krasnoff; Sybrina Richardson; and Joann Josey, Defendants.

15 Civ. 8733 (GBD)

United States District Court, S.D. New York.

Signed August 10, 2016

Russell S. Moriarty, Levine & Blit, PLLC, New York, NY, for Plaintiff.

Alyssa Mattingly Smilowitz, Roberto, Jr. Concepcion, Ana Shields, Jackson Lewis P.C., Melville, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

GEORGE B. DANIELS, United States District Judge

Plaintiff Doreen Jones initially filed this action, on behalf of herself and others similarly situated, before the Supreme Court of New York State in New York County ("the state court") on October 13, 2015 against Defendants SCO Family of Services ("SCO"), Douglas O'Dell, Diane Krasnoff, Sybrina Richardson, and Joann Josey (collectively "Management Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207(a)(1), and the New York State Labor Law ("NYLL") for unpaid overtime wages. (See Complaint, ECF No. 4, Ex. A to Notice of Removal ("Notice"), ¶¶ 55-66.) Defendants

removed to this Court under 28 U.S.C. §§ 1331 and 1441 on November 4, 2015, with jurisdiction arising out of Plaintiff's FLSA claim. (See Notice, at 1.)

Plaintiff, employed by SCO as a case worker since December 8, 2008, asserts that Defendants have intentionally failed to pay her, and other past and current case workers, overtime wages. (Compl. ¶¶ 4, 25, 53.) As a result of Defendants' conduct, Plaintiff alleges economic loss in the form of lost wages, plus an equivalent amount of liquidated damages and prejudgment interest. (See Compl. ¶¶ 60, 66.) Plaintiff seeks certification of the putative class and/or as a collective action, and that she and her attorneys be named as class representative and counsel, respectively. (Compl., Prayer for Relief.) Plaintiff also seeks declaratory and injunctive relief, compensatory and liquidated damages plus prejudgment interest, expert and attorneys' fees, as well as any other "just and proper" relief. (Id.)

Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. to Dismiss, ECF No. 15; Defs.' Mem. in Supp. of Mot. to Dismiss ("Mem."), ECF No. 17, at 1.)[1] Defendants argue Plaintiff has failed to allege (1) that SCO is an enterprise engaged in commerce under the FLSA; (2) that Plaintiff is an individual engaged in interstate commerce; and (3) that Plaintiff has failed to plead individual liability as to the Management Defendants. (Mem. at 1.) Defendants also argue that, upon dismissal of Plaintiff's federal FLSA claim, this Court should also dismiss Plaintiff's New York Labor Law claim.[2] (Id.)

---

1. The motion was fully submitted following the filing of Plaintiff's Opposition brief, ("Opp'n," (ECF No. 22)), and Defendants' Reply brief ("Reply," (ECF No. 28)). Oral Argument on the motion occurred on August 3, 2016.

2. Defendants argue that Plaintiff's state claim fails because SCO, as a non-profit organization, timely opted out of general NYLL coverage pursuant to N.Y. Labor Law § 652(3)(b) and is therefore exempt from the requirement to pay overtime wages. (See Mem. at 13-15.)

Defendant SCO is a not-for-profit corporation excluded from FLSA regulations. It is not an enterprise and Plaintiff is not a covered individual. Plaintiff therefore has failed to state a claim for FLSA overtime wage violations upon which relief can be granted. Defendants' motion to dismiss the First Cause of Action for FLSA overtime violations is hereby GRANTED. Further, this Court declines to exercise supplemental jurisdiction over the Second Cause of Action for overtime wage violations brought under New York Labor Law.

## I. FACTUAL BACKGROUND

Plaintiff alleges that Defendant SCO is a "domestic not-for-profit organization incorporated in the State of New York," whose mission includes, *inter alia*, "facilitat[ing] the placement of children with families." (Compl. ¶¶ 8, 34.) According to Plaintiff, SCO has a total revenue of approximately $245 million a year and "extensive operations in New York County," leading to "hundreds of millions of dollars" in fees paid to SCO. (*Id.* ¶¶ 1, 8-9.) Plaintiff further alleges that SCO "receives contributions, grants and revenue from various persons, companies and organizations outside of New York States [sic], as well as within New York State, . . . regularly solicits contributions and revenues," and "regularly orders supplies" from parties within and outside of New York. (*Id.* ¶¶ 10-11.) Plaintiff alleges that SCO is "an enterprise engaged in interstate commerce within the meaning of the FLSA." (*Id.* ¶ 13.)

Case workers, such as Plaintiff, allegedly visit client homes to meet with families and children on a regular basis, appear in court, and complete paperwork in connection with case files and office administra-

tion. (*Id.* ¶¶ 34, 40.) Plaintiff alleges that over her almost eight-year tenure as an employee of SCO, her salary increased from $35,500 to $38,515, but that she receives no additional compensation for time worked in excess of forty hours. (*Id.* ¶¶ 49-51). Plaintiff further alleges that she and other putative class members [3] have regularly worked approximately fifty-five hours, and sometimes up to seventy, hours a week. (*Id.* ¶¶ 36, 39.) Plaintiff and putative class members allegedly lack an automated system to track their hours and use a bi-weekly written time sheet to record their time. (*Id.* ¶¶ 42-44.)

Plaintiff alleges that she has been "discouraged by management from submitting time sheets showing any overtime hours worked," (*id.* ¶ 45), "with the threat of termination if the work is not completed" according to deadlines. (*Id.* ¶ 3.) According to Plaintiff, Defendants have knowingly and intentionally misclassified her and the putative class members as exempt employees, and regularly return time sheets showing in excess of forty hours worked in a workweek. (*Id.* ¶¶ 35, 41, 47-48.)

## II. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires pleading facts that enable

---

**3.** Defendants have made no arguments regarding Plaintiff's collective action and class allegations. Accordingly, this Court makes no findings with regard to such allegations. *See Blagman v. Apple Inc.*, No. 12 CIV. 5453, 2013 WL 2181709, at *7 (S.D.N.Y. May 20,

2013) (citing *Myers v. MedQuist, Inc.*, No. 05–4608, 2006 WL 3751210, at *4–5 (D.N.J. 2006)) (noting that rulings regarding class allegations "usually should be predicated on more information than the complaint itself affords").

the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. That is, the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "[A] pleading that does nothing more than recite bare legal conclusions is insufficient to 'unlock the doors of discovery.'" *Arena v. Delux Transp. Servs., Inc.*, No. 12 Civ. 1718, 2013 WL 654418, at \*2 (E.D.N.Y. Feb. 15, 2013) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. The court then considers whether Plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* In deciding the 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the non-moving party's favor. *See Ahmad v. Morgan Stanley & Co.*, 2 F.Supp.3d 491, 495 (S.D.N.Y.2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007)).

"In deciding a motion to dismiss under Rule 12(b)(6), the court may refer to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Fishbein v. Miranda*, 670 F.Supp.2d 264, 271 (S.D.N.Y.2009), *aff'd sub nom. Silverman v. Teamsters Local 210 Affiliated Health & Ins. Fund*, 761 F.3d 277 (2d Cir.2014) (internal quotation marks omitted).

## III. FLSA OVERTIME WAGE VIOLATION CLAIMS

Plaintiff claims that jurisdiction lies under the FLSA because SCO constitutes an "enterprise." (*See* Compl. ¶ 13.) Specifically, Plaintiff argues that it "will certainly be found to be a 'hospital, school, or any other type of institution listed under § 203(r)(2)(A).'" (Opp'n, at 3 (citing 29 U.S.C. § 203(r)(2)(A)).) Plaintiff also claims individual coverage pursuant to the statute because "SCO Case Workers, including [P]laintiff, regularly contact persons, organizations, and authorities" across state lines "via telephone, fax, and email, in furtherance of their duties" such as to engage in commerce under the statute. (Compl. ¶ 12.)

■ Congress enacted the FLSA "to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well being of workers.'" *Jacobs v. N.Y. Foundling Hosp.* ("*Jacobs I*"), 483 F.Supp.2d 251, 256 (E.D.N.Y.2007) (quoting *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (internal quotation marks omitted)), *aff'd*, 577 F.3d 93 (2d Cir.2009). One such protection is the FLSA's guarantee of overtime premium pay:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce for a workweek longer than forty hours unless such employee receives an overtime premium wage.

*Id.* at 257. "[A]ny employer who claims an exemption under the Act has the burden of showing that it applies." *Id.* at 256–57 (cit-

ing 29 C.F.R. § 779.101). An employer is subject to § 207(a) coverage either (1) if the employer was "an enterprise engaged in commerce or in the production of goods for commerce regardless of whether the plaintiff was so engaged," or (2) if an employee individually was "engaged in commerce or in the production of goods for commerce." *Joles v. Johnson Cty. Youth Serv. Bureau, Inc.*, 885 F.Supp. 1169, 1174 (S.D.Ind.1995) (citing 29 U.S.C. § 207(a)(1) (internal quotation marks omitted)).

## A. SCO IS NOT AN FLSA ENTERPRISE.

The existence of FLSA enterprise coverage is a two-step inquiry requiring allegations that an employer (1) is an "enterprise" as defined by 29 U.S.C. § 203(r)(1) and (2) engages in "commerce or in the production of goods for commerce." *Jacobs v. N.Y. Foundling Hospital ("Jacobs II")*, 577 F.3d 93, 99 n. 7 (2d Cir.2009) (citing 29 U.S.C. §§ 203(r)(1), (s)(1)).

Section 203(r)(1) defines "enterprise" as "the related activities performed ... by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). As a general matter, the Supreme Court has held that nonprofit organizations that do not "engage in ordinary commercial activities" or "serve the general public in competition with ordinary commercial enterprises" operate without a "business purpose" and, therefore, are not enterprises within the meaning of the FLSA. *See Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 297, 299, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (internal quotation marks omitted); *Jacobs II*, 577 F.3d at 100; *Ray v. Yamhill Cmty. Action P'ship*, No. 11–CV–196, 2011 WL 5865952, at *3 (D.Or. Nov. 22, 2011).

Nevertheless, Congress has provided that certain not-for-profit organizations may fall under FLSA enterprise coverage if they perform of activities:

(A) in connection with the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is operated for profit or not for profit), or

(B) in connection with the operation of a street, suburban or interurban electric railway, or local trolley or motorbus carrier, if the rates and services of such railway or carrier are subject to regulation by a State or local agency (regardless of whether or not such railway or carrier is public or private or operated for profit or not for profit), or

(C) in connection with the activities of a public agency . . . .

29 U.S.C. § 203(r)(2). Not-for-profit organizations that fall into one of the three categories are understood to operate "for a business purpose," whether they are public or private, or operated for profit or not for profit. *See* 29 U.S.C. § 203(r)(2). Neither party argues that SCO falls under the purview of § 203(r)(2)(B) or (C). (*See* Opp'n, at 3; Mem. at 6-8.) Thus, at issue is whether Plaintiff has sufficiently alleged that SCO is covered by § 203(r)(2)(A)— that is, performs activities in connection with the operation of "a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children," or certain other educational institutions. *See* § 203(r)(2)(A).

This Circuit has held that providing foster care services does not, by itself, constitute a business purpose leading to enter-

prise coverage. *See Jacobs*, 577 F.3d at 101 (finding that a nonprofit foster services agency that claimed to perform activities "in conjunction with" a public agency as an independent contractor was not an enterprise under § 203(r)(2)(C)); *Bowrin v. Catholic Guardian Soc.*, 417 F.Supp.2d 449, 464–65 (S.D.N.Y.2006) (holding that "services performed without a business purpose (foster care)" are not related to and "part of a single enterprise with services that are performed for a business purpose (the care of the mentally ill)"); *see also Ray*, 2011 WL 5865952, at *3 (adopting the Second Circuit's analysis of enterprise coverage in *Jacobs*); *Joles*, 885 F.Supp. at 1175 (holding that unless an organization "engages in commercial activities in competition with private enterprise" or falls into one of the § 203(r)(2) categories, "non-profit eleemosynary organizations which provide shelter and care to troubled youth are not engaged in a business purpose under the Act").

■ Defendants correctly argue that the Complaint, which is completely devoid of any factual allegations in support of Plaintiff's argument that SCO is a hospital, school or any other type of institution listed under § 203(r)(2)(A), does not meet the 12(b)(6) standard. (*See* Mem. at 8.) Plaintiff's argument that "discovery will reveal that the FLSA specifically included enterprises such as defendant SCO, as enterprises operating for business purposes," (Opp'n at 3), does not allow her sidestep the requirement that the Complaint must allege beyond bare legal conclusions to survive a motion to dismiss. *See Arena*, 2013 WL 654418, at *2. Plaintiff's Memorandum in Opposition includes facts about

SCO's various programs gleaned from the SCO website, which the Complaint neither explicitly cited, referenced, nor relied upon. (*See* Opp'n, at 3-4.)[4] Plaintiff appears to argue, for example, that SCO's Christopher School, "certainly seems to qualify as 'a school for mentally or physically handicapped ... [sic]'" children because it is a "residential school for children with developmental disabilities." (*Id.* at 4.) Without expressly arguing such, Plaintiff also offers other examples of SCO programming that she contends could qualify SCO as "an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution," as provided by § 203(r)(2)(A), including the Madonna Heights Residential Treatment Facility, "a therapeutic program that provides the most intensive residential mental health services available outside of a hospital" to youth. (*Id.* (citing Decl. of Russell Moriarty in Opp. to Defs.' Mot. to Dismiss, Ex. A, at 1, 2).)

The Complaint, however, merely alleges that "Defendant SCO is a domestic not-for-profit organization[,]" (Compl., ¶ 8), with a "socially conscious mission" that Defendants "flagrantly tout." (*Id.* ¶ 1.) Plaintiff, therefore, has not alleged any facts that this Court may consider to support an objectively reasonable belief that SCO is an enterprise pursuant to 29 U.S.C. § 203(r)(2)(A).

### B. PLAINTIFF IS NOT AN EMPLOYEE ENGAGED IN COMMERCE.

■ Even if Plaintiff has failed to allege enterprise coverage, she alleges that she

---

4. While Plaintiff "recognizes that the present [m]otion is a 12(b)(6) motion, and not a motion for summary judgment," (Opp'n at 4), Plaintiff includes exhibits such as SCO website printouts, not referenced in the Complaint. This Court will consider the appended

material for the limited purpose of whether to grant Plaintiff leave to amend. *See ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014) (citing *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir.2013)).

personally engages in commerce, and is therefore covered by the individual overtime provision of the FLSA. (Compl., ¶ 12). Specifically, Plaintiff claims she makes "regular and recurrent use of the interstate telephone, telegraph, mails, or travel," —instrumentalities of interstate commerce—in her work. (*Id.*) Plaintiff further alleges that "SCO regularly orders supplies used to generate revenues from companies located throughout various states outside of New York" and "receives contributions, grants and revenue from various persons, companies and organizations outside of New York States [sic] . . ., and regularly solicits contributions and revenues" from out of state. (*Id.* ¶¶ 10-12.)

■ A plaintiff must allege that she, as an employee, is "engaged in commerce or in the production of goods for commerce" to be covered by the Act as an individual, "regardless of whether his or her employer is an enterprise." 29 U.S.C. § 203(r)(1). As the Second Circuit has held, an employee engages in commerce when "a substantial part of the employee's work is related to interstate commerce." *Divins v. Hazeltine Electronics Corp.*, 163 F.2d 100, 103 (2d. Cir.1947) (internal quotation marks omitted). Activities that "simply affect or indirectly relate to interstate commerce" are insufficient to plead individual coverage. *See Li v. Zhao*, 35 F.Supp.3d 300, 308 (E.D.N.Y.2014) (internal citation and quotation marks omitted).

■ Here, it is undisputed that Plaintiff was not engaged in the production of goods for commerce. *See id*; (Opp'n at 6). Plaintiff's claim of individual coverage premised on alleged participation in interstate commerce suffers from the same deficiencies as that asserting enterprise coverage because, again, the Complaint merely echoes the statutory language to state legal conclusions. *See Arena*, 2013 WL 654418, at *2 (citing *Iqbal*, 556 U.S. at 678–79, 129 S.Ct. 1937). Even if a de-

termination of the extent to which a plaintiff engages in commerce for the purpose of individual FLSA coverage is, as Plaintiff contends, a factual inquiry, surviving a 12(b)(6) motion requires "some factual allegation other than a mere recitation of the operative words." *Perez v. Cty. of Westchester*, No. 96 Civ. 9487, 1997 WL 256932, at *1 (S.D.N.Y. May 16, 1997); *see also Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir.2013) (affirming dismissal where the complaint tracked the statutory language of the FLSA and "alleged no particular facts sufficient to raise a plausible inference of an FLSA overtime violation"); *Walker v. The Interfaith Nutrition Network, Inc.*, No. 14 Civ. 5419, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015).

As Defendants note, Plaintiff fails to allege that "she herself regularly engaged in these duties." (Mem. at 10 n.5 (citing Compl. ¶¶ 10-11) (alleging that "SCO regularly orders supplies" and solicits donations from some out-of-state parties)). Her allegations of regular use of items ordered from outside of New York or "regular contact" with persons and organizations also from out of state are vague, provide no information about the frequency of those contacts, and therefore cannot not support an assertion that a substantial part of Plaintiff's work closely relates to interstate commerce. *See Walker*, 2015 WL 4276174, at *4 (E.D.N.Y. July 14, 2015) (dismissing allegations of plaintiffs' individual coverage in an FLSA case on the same grounds). As previously explained, a complaint that "tenders naked assertions devoid of further factual enhancement" will not survive a motion to dismiss under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955) (internal quotation marks and brackets omitted).

As Plaintiff's allegations as to enterprise and individual coverage [5] fail to sufficiently allege a claim upon which relief can be granted, Defendants' motion to dismiss the first cause of action for FLSA overtime violations is GRANTED.[6]

## IV. CONCLUSION

Plaintiff has failed to state a claim for FLSA wage overtime violations under enterprise or individual coverage against SCO. Accordingly, Defendants' motion to dismiss the first cause of action under the FLSA is GRANTED.[7]

The Clerk of Court is directed to close the motion at ECF No. 15 and this case.

SO ORDERED.

---

5. Because Plaintiff's enterprise and individual coverage claims fail, the claims for liability against the Management Defendants fail as well.

6. Having dismissed all claims over which it had original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."); *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994) ("[T]he exercise of supplemental jurisdiction is left to the discretion of the district court ....") (citation omitted).

7. This Court may consider an application for leave to amend if amendment would not be futile.